**UNITED STATES of America, Plaintiff,**

v.

**ALL ASSETS OF STATEWIDE AUTO PARTS, INC. and Proceeds Traceable Thereto; Real Property and Premises Known as 1256 Grand Street, Brooklyn, New York; All Assets of Citiwide Auto Parts, Inc. and Proceeds Traceable Thereto; Real Property and Premises Known as 651 Fountain Avenue, Brooklyn, New York; All Assets of Empire State Auto Wreckers, Inc. and Proceeds Traceable Thereto; Real Property and Premises Known as 1489 Montauk Highway, Bellport, New York; All Assets of Best Auto School, Inc. and Pro-**

---

ceeds Traceable Thereto; Real Property and Premises Known as 492 East 98th Street, Brooklyn, New York; Real Property and Premises Known as 29 Puritan Lane, Farmingdale, New York; Real Property and Premises Known as 8 Townsend Lane, Hicksville, New York; and Real Property and Premises Known as 19 Annandale Drive, Commack, New York, Defendants.

No. CV 91 4494.

United States District Court, E.D. New York.

March 19, 1992.

Andrew J. Maloney, U.S. Atty. (James M. Catterson, Paul Weinstein, Richard K. Hayes, Asst. U.S. Attys., of counsel), Brooklyn, N.Y., for plaintiff.

Gino Josh Singer, New York City, for defendant Citiwide Auto Parts, Inc.

Law Offices of Benjamin Brafman, P.C., Benjamin Brafman, New York City, for defendant 651 Fountain Avenue, claimants John Carneglia, Jenny Carneglia and Charles Carneglia.

NICKERSON, District Judge:

This court's Memorandum and Order dated December 16, 1991, familiarity with which is assumed, outlined the basic facts of this case. The United States brought this action by verified complaint *in rem* for forfeiture of seven parcels of real property in Brooklyn (including defendant 651 Fountain Avenue), Nassau County, and Suffolk

County; and for forfeiture of the assets of four corporations, namely, Statewide Auto Parts, Inc. (Statewide), Citiwide Auto Parts, Inc. (Citiwide) also known as Citywide Auto Parts, Inc., Empire Auto Records, Inc. (Empire), and Best Auto School, Inc. (Best).

Pursuant to a seizure warrant issued *ex parte* by the court, the United States seized the various properties on November 19, 1991. Citiwide and the claimants who are the alleged owners of defendant 651 Fountain Avenue, a lot in Brooklyn on which Citiwide operates, move to vacate the seizure of their properties.

The complaint alleges a scheme whereby Citiwide and other defendants bought wrecked vehicles from insurance companies, illegally transferred the vehicle identification numbers (VIN) to stolen cars, bribed a New York Department of Motor Vehicles Inspector to pass the "retagged cars," arranged for the sale of those vehicles to fictitious persons, and then caused New York State titles to be issued in those fictitious names.

In its previous Memorandum and Order, the court reviewed the legal authority on which the government relied to seize the defendant vehicle dismantling (junk yard) businesses.

## I.

The only present issue of substance relevant to defendant Citiwide is whether that seizure pursuant to a warrant issued *ex parte* violated the Fifth Amendment rights to due process.

■ The Court of Appeals for the Second Circuit in *United States v. 141 St. Corp. by Hersh*, 911 F.2d 870, 874–76 (2d Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1017, 112 L.Ed.2d 1099 (1991), set forth the criteria this court should use in determining whether a seizure warrant should be issued *ex parte*. Applying those criteria, this court concludes that the warrant was validly issued *ex parte*.

Incorporated by reference in the complaint was the declaration of Thomas Keteltas, a detective in the Nassau County Police Department. That declaration, along with supplemental declarations by Keteltas, detail a lengthy Nassau County Police Department's investigation that resulted in arrests of the principals of Statewide, Citiwide, Empire and Best, the recovery of numerous retagged automobiles, the identification of matching stolen automobiles, the uncovering of a large mail fraud operation used to conceal the criminal activity, and the arrest of a corrupt public official who facilitated the scheme.

None of the papers submitted by Citiwide refutes the substance of the statements made by Detective Keteltas in his declaration in support of the warrant or in his supplemental declaration. Thus there seems to be only a slight risk of erroneous deprivation of the movants' interest by reason of the issuance of the warrant. The allegations in the declarations by Detective Keteltas more than satisfy this court that there was probable cause to believe that the property to be seized was involved in transactions in violation of 18 U.S.C. § 1956.

The United States had an interest in stopping the trafficking in stolen motor vehicles and motor vehicle parts with vehicle identification numbers removed or altered. The United States also had an interest in stopping the fraudulent conveyance of those vehicles to fictitious persons.

The United States had a reasonable concern that the property would continue to be used as an instrumentality of crime. In fact the supplemental declaration of Detective Keteltas shows that the property was continuing to be used in the criminal manner set forth in the complaint.

## III.

Defendant 651 Fountain Avenue is the property on which Citiwide has operated. Claimants John and Charles Carneglia, brothers, and Jenny Carneglia, their mother, own the property. They move to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and to Rule E(2)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims, for failing to state a claim and seek an

order pursuant to Rule E(5) of those Supplemental Rules vacating the warrant of arrest and seizure.

Supplemental Rule E(2)(a) states:

In actions to which this rule is applicable the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading.

The civil forfeiture statute on which the government relies states in pertinent part:

(a)(1) Except as provided in paragraph (2), the following property is subject to forfeiture to the United States:

(A) Any property, real or personal, involved in a transaction or attempted transaction in violation of ... section 1956 ... of this title, or any property traceable to such property.

18 U.S.C. § 981 (1988).

Plainly the real property known as 651 Fountain Avenue was "involved in" the transaction constituting violations of 18 U.S.C. § 1956. Citiwide was situated on that property.

Section 1956 provides, in pertinent part, that criminal penalties shall be imposed on anyone who, "knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction with ... the intent to promote the carrying on of specified unlawful activity."

■ The forfeiture complaint alleges information so that the claimants know what sort of financial transactions the property was "involved in", the unlawful activity, and the means in which the property was involved in promoting the unlawful activity. *See United States v. Property at 4492 S. Livonia Rd.*, 889 F.2d 1258, 1266 (2d Cir.1989) (supporting affidavits may cure lack of particularity in complaint itself), *see also United States v. Banco Cafetero Int'l*, 608 F.Supp. 1394, 1401 (S.D.N.Y. 1985), *aff'd sub nom. United States v.*

*Banco Cafetero Panama*, 797 F.2d 1154 (2d Cir.1986) ("failure to abide with the pleading requirements should constitute a defect that can be freely remedied by amendment ... so that it is not necessary to release property previously arrested or attached"), *quoting* 7A J. Moore & A. Pelaez, *Moore's Federal Practice* ¶ E.03 at E–106 (2d ed. 1983).

It is true that the complaint, as supplemented by the affidavits, does not state that the real property was "the proceeds of some form of unlawful activity" within the meaning of section 1956. But the complaint does allege that various persons knew that other kinds of "property", including vehicles and New York State titles to vehicles, constituted the proceeds of unlawful activity consisting of transactions prohibited by section 1956.

■ The real and personal property referred to in section 981 is not restricted to property that "represents the proceeds" of unlawful activity as section 1956 reads. To be forfeitable under section 981, it is enough that the property was "involved" in a transaction violative of section 1956. A common sense reading of the term "involved" as used in section 981 surely includes real property indispensable to the carrying out of actions made criminal by section 1956. *See 141st Street Corp. by Hersh, supra*, 911 F.2d 870 (entire building of forty-one apartments forfeitable due to involvement of twenty-four apartments in drug trafficking).

■ Running through the claimants' contention is the assumption that to state a valid claim under section 981 the government must allege that the owners of the property involved must have participated in or at least have known of the commission of a crime. That is a false assumption. The government must allege that the real property is tainted, that is, "involved", in a criminal transaction. But because forfeiture is an *in rem* proceeding the government need not allege that the present owner participated in the criminal violation or was even aware of it. *United States v. 316 Units of Mun. Sec.*, 725 F.Supp. 172, 177 (S.D.N.Y.1989).

If claimants as owners of 651 Fountain Avenue wish to do so, they may assert pursuant to section 981(a)(2) that the alleged crimes were committed without their knowledge. That subsection provides, in pertinent part, that no property shall be forfeited under section 981 to the extent of the interest of an owner by reason of any act "established by that owner" to have been committed "without the knowledge of" that owner. The subsection thus puts the burden of establishing lack of knowledge on the owner.

The motions to dismiss the complaint and to vacate the warrants of seizure and arrest are denied.

So ordered.